COWAN v COWAN.

1. It is not necessary to reserve exceptions to the several provisions of a decree or judgment to entitle a party to assign error, and have reviewed any alleged defect therein, provided a general exception has been duly taken to the judgment or decree.

2. It is sufficient to justify the granting of an order upon application for alimony *pendente lite*, that a *prima facie* case is presented by the complaint, and that it be made to appear that the necessities of the wife and the financial ability of the husband render such order proper and necessary.

3. Where an injunction issued enjoining a defendant from incumbering or selling his property on the filing a bill for divorce, and the injunction remained in force at the time of an application for temporary alimony, the defendant, in order to avail himself of the fact as a ground of defense, must set up the fact in his answer to the petition. An averment that his answer to the original complaint is made part of his answer to the petition is insufficient.

4. There being no certainty, nor even a promise, that an arrangement for supplies would be continued throughout the litigation, an order on the subject requiring the defendant to pay a stated sum monthly for the purchase of the supplies for the plaintiff and her children, *held* to be proper and necessary.

5. On the hearing of a petition for alimony *pendente lite*, it was shown that the wife, with her children, occupied the same house with her husband, but that he slept in a room to himself, did not eat at the same table, and that they did not cohabit as husband and wife at the time of the filing of the bill and for many months previous. *Held*, this was such an abandonment of the relation as would entitle the wife to alimony *pendente lite*.

6. This court will not interfere with an order allowing temporary alimony unless it shall appear that there has been a clear abuse of discretion or a violation of the law by the lower court in the order made.

*Appeal from District Court of Arapahoe County.*

THIS is an appeal from an order of the district court awarding alimony *pendente lite* to the appellee, pending proceedings upon her complaint for a divorce, which she filed therein November 17, 1885. The petition for alimony makes the complaint for divorce a part thereof by reference. It appears from the complaint that the parties were married February 4, 1875, and lived and cohabited together until November 13, 1884; that they have three minor children, the fruits of their marriage; and that at the time of the grievances complained of, they were living together in the city of Denver, where they had resided for many years. The grounds for divorce charged against the defendant were adultery, extreme cruelty, and desertion. The defendant is likewise alleged to be an unfit person to have the care and custody of the children. Upon these charges the plaintiff prays for a decree of divorce, that the custody of the children be decreed to her, and for permanent alimony. The defendant is alleged to be a man of large means; that prior to his desertion of the plaintiff and her said children, which is stated to have occurred about the 11th of October, 1885, he had converted all his property into money, except their residence property (in which plaintiff and her children are still residing), and certain lots described, all in the city of Denver; and that this entire property, which she estimates at the value of $20,000, has been put into the hands of a real estate agent by the defendant for sale; that the defendant departed the state with the intention of staying away, and had provided no adequate support for the plaintiff and her family. A temporary writ of injunction was prayed, restraining the sale of the property described, pending this proceeding for divorce. Defendant appeared and answered the complaint January 1, 1886. He denied specifically all the acts of misconduct charged against him, including the alleged desertion and

failure to make suitable provision for the support of his wife and family; averred that his absence was only temporary; that he had bountifully provided for them before leaving home, and since his return as well, setting out the nature and extent of the provision so made, which included the furnished house still occupied by the family. He denied the allegations of the complaint concerning his wealth, and averred that his entire estate, real and personal, did not exceed the sum of $23,000, estimating the Denver property at $22,000, and that he had no means of raising money for any purpose except upon the security of this last mentioned property, and that he was enjoined by the order of the district court from selling or incumbering it. He denied the charges as to his unfitness to have the charge and custody of his children, averring his qualifications and fitness. The answer also contains counter-charges of a serious nature against the plaintiff. These charges, together with all new matter, are denied by the plaintiff's replication.

Referring now to the pleadings upon the present application, the plaintiff's petition for temporary alimony was filed about, or prior to, June 1, 1886. It avers that the defendant's Denver property is of the value of $25,000, and that she believes he is possessed of other means of considerable amount. She states therein that he has only furnished for the support of herself and children since the verification of the complaint for divorce (November 14, 1885), up to the presentation of this petition, in money, collectible securities and credit, the sum of $750, which she states to have been insufficient to pay the actual living expenses of herself and children; but that by keeping boarders and living very economically she has managed to get along and to save from all sources about $300 in money, which she has on hand and is retaining against sickness or other contingency, and that this sum constitutes all her moneys and all her resources. The petition further states that the plaintiff has employed one law

firm to prosecute her suit for divorce, and that defendant has employed two prominent law firms and one additional attorney to resist her said application; that her attorneys are demanding $500 on account of their services; that she will require at least $100 to prepare for trial, procure the attendance of witnesses, the testimony of absent witnesses, and to pay other costs and expenses; that she will need during the pendency of her litigation, for the support of herself and children, $250 per month; and prays that defendant be ordered to pay said several sums, and that she and the children have the uninterrupted use of said residence until the final determination of the suit. In response to this petition defendant avers that the petitioner has realized up to date, from moneys, credits and securities furnished by him during the time covered by her petition, upwards of the sum of $1,092.54; alleges its sufficiency for the purposes and time mentioned; denies the necessity for keeping boarders; alleges that on his return from the Pacific coast, after the filing of the plaintiff's complaint, he made arrangements with merchants and other persons of the city of Denver to supply plaintiff and the children with all proper food, clothing and other supplies, and so notified her, and in addition has supplied them an excellent home without any cost or expense whatever to the petitioner. These averments are traversed by the plaintiff's replication. The defendant denies that his property is of greater value than stated in his answer and denies that he has other means than as therein stated. He resists the application for the order to pay said several sums of money petitioned for, alleging the same to be unnecessary and the estimates and charges mentioned to be exorbitant. He also makes, by reference, his answer to the original complaint part of his answer to this petition. The application for temporary alimony was heard June 1, 1886, upon the petition and answer thereto, the pleadings in the original cause and the affidavits of the parties and of other persons. Upon

the hearing the court ordered defendant to pay into court on or before June 15, 1886, for plaintiff's attorneys, $300, and for the use of the plaintiff personally $50, and on account of court costs, accrued and to accrue, $100; that thereafter he pay plaintiff for her use $25 per month, and that he allow plaintiff and the children to live in the house wherein they now reside. Defendant's counsel excepted to the said order and assigned fifteen errors to the making thereof.

Messrs. MARKHAM and DILLON, H. E. LUTHE and T. D. W. YONLEY, for appellant.

Messrs. BENEDICT and PHELPS and B. L. POLLOCK, for appellee.

BECK, C. J. The several assignments of error in this case question the validity of the order of the court below, entered June 1, 1886, allowing alimony *pendente lite* to the plaintiff below, Laura Cowan, alleging each provision thereof to have been unwarranted upon the law and the evidence.

A general exception was reserved to the order, and counsel for the appellee raise the point that, under such an exception, the several provisions of the order cannot be reviewed, and that, unless the exception be sustained to the order as a whole, it must fail. Several decisions of this court, based upon a statutory provision which has been in force since the organization of the court to the present time, hold that exceptions must be made to the opinions and decisions of the trial courts, in causes tried thereto without juries, in order to authorize their review here on appeal or writ of error. It has never been held, however, under this or any similar statute, to our knowledge, that it was necessary to reserve exceptions to the several provisions of a decree or judgment, to entitle a party to assign for error, and have reviewed, any alleged defect or error therein, provided a

general exception has been duly taken to the judgment
or decree. None of the authorities cited in support of
the foregoing proposition of appellant's counsel are au-
thority upon the point; nearly all relating to exceptions
taken to instructions to juries, which we do not regard
as analogous. We are of opinion that the exception
taken to the judgment in this case is sufficient to author-
ize its review upon the law and the evidence.

We will now consider the errors assigned to the order
of the court. The provisions thereof for suit money,
and the provisions for temporary support, are all alleged
to be excessive, and unsupported by the law and the evi-
dence. As we said in the case of *Daniels v. Daniels*, 9
Colo. 150, the rule governing the allowance of alimony
*pendente lite* "is based upon the existence of the mar-
riage relation, the ability of the husband, and the destitute
circumstances of the wife. If the wife presents such a
case against her husband as *prima facie* entitles her to
relief, the rule is that she shall be supplied with the nec-
essary means to prosecute her suit on an equal footing
with her husband; also, if she be destitute of the means
of subsistence, and the husband is possessed of the means
to relieve her necessities, it is the duty of the court, when
called upon, to award a reasonable allowance for this
purpose." It is a well-settled rule, also, in applications of
this character, that unless a clear abuse of discretion in
making the order appears, the provisions for suit money
and temporary support will not be interfered with by
the appellate court. Respecting the merits of the appli-
cation for divorce, and the merits of the defense inter-
posed thereto, we are not now concerned. It is sufficient
to justify the granting of an order upon an application
like this that a *prima facie* case is presented by the com-
plaint, and that it be made to appear that the necessities
of the wife, and the financial ability of the husband,
render such order proper and necessary.

The objections made to the amount of the allowance

are based largely upon the alleged value and condition of the appellant's property. Viewed on such considerations, it is contended that they are excessive. According to the appellant's own estimate of his resources, as set forth in his answer to the complaint, he is possessed of real estate in the city of Denver of the value of about $22,000, and of other property of the value of about $1,000. The means of the wife, aside from the credit alleged to have been given her to purchase necessaries, does not appear to much, if any, exceed the sum of $300. We regard this a sufficient showing to make it the duty of the court to award the wife a reasonable amount of suit money, and the amount awarded for this purpose does not appear to be unreasonable or excessive, in view of the circumstances of the parties.

But it is objected that the appellant's real estate produces no income, and that the appellee, upon filing her bill for divorce, obtained an order of the district court enjoining the appellant from either selling or incumbering any of said property; also, that the appellant has no other means of raising money for any purpose whatever. If such a showing had been clearly made on the hearing of the petition for temporary alimony, it would have been available; for it would certainly be inequitable, as well as unreasonable, to require appellant to pay specific sums of money, the amount thereof being based principally upon the estimated value of unproductive real estate owned by him, while he was enjoined from raising money thereon either by sale or mortgage. But such a defense was neither specifically interposed nor proved. The only information before us that an injunction ever issued is an averment to that effect in appellant's answer to the original complaint. If an injunction issued on filing the bill for divorce (November 17, 1885), and still remained in force, unmodified, at the time of the application for temporary alimony (June 1, 1886), and it was appellant's intention to avail himself of these facts as a

ground of defense thereto, he should have set them up in his answer to the petition. An averment that his answer to the original complaint is made part of his answer to this petition falls short of such an allegation. Neither the continued existence of the injunction, nor its disabling effect on the appellant, appears to have been mentioned at the hearing, either in his pleadings or in his proofs. He has not even assigned it for error. It is not, therefore, a ground for reversal. But a court will not enforce a requirement when it is satisfactorily made to appear that the court's own action has rendered its performance by the respondent impossible; so, if relief should hereafter become necessary upon this ground, the application therefor must be made to the district court, which has the power to make any necessary and proper modification of its order.

We now come to the objections urged against the provisions made for the temporary support of the petitioner and the children. One of the contentions is that the wife is not entitled to the exclusive custody of the children, and for that reason the court was without jurisdiction to order the means for their subsistence to be placed in her hands. It appears from the pleadings and the evidence that, prior to the filing of the complaint for divorce, the appellant went abroad, leaving the children with the appellee, under circumstances that led her to believe that he did not intend to return. Her complaint for divorce, subsequently filed, alleges desertion as one of the grounds of the application. That charge, with others, is denied, but the children have ever since remained in the care and custody of the wife, and it does not appear that appellant has taken any steps to interfere with such custody, save his claim that their custody be awarded to him on the final hearing. So far, therefore, as the present proceeding is concerned, the subject of the custody of the children is not in issue.

Of the other objections relating to the provision for the

temporary support of the petitioner and said children, one is that there was no necessity for requiring appellant to furnish necessaries, since it appears that he has never neglected or refused to do so, but ever since the institution of this suit has liberally supplied all their wants. Appellant admits that he has not given the petitioner any money, and that he has and still continues to refuse to do so. He avers that the support given has not been wholly furnished out of means which he had on hand, but in part by credit extended to him by his friends. In another paragraph of his response to the petition, he says "he made arrangements with certain merchants and others to supply petitioner and said children with all proper clothing, food, fuel and other supplies; and then and there informed petitioner at what places, and from what persons, she might purchase on his credit all things necessary and proper for the support and maintenance of herself and said children." If appellant's statements in this behalf were uncontradicted, and it appeared that he was making such provision in good faith, with the intention of continuing the same during the litigation, this portion of the order would seem to be unnecessary. But the petitioner swears that no such provision was made until about the time of filing her petition for temporary alimony, and avers her belief that it was then done to affect her standing in court; that appellant gave no assurance that this provision would be continued for any specific time, but, upon inquiry, refused to make any promise or assurance whatever. This part of the order as entered, viz., "that defendant also, from this time forth, in addition to the monthly allowance, do furnish for the plaintiff and her children all reasonable food, fuel and clothing, or provide for her obtaining the same on credit," was evidently made for the convenience of the appellant, and so framed that a continuance to furnish needful supplies on his credit would satisfy its requirements. In the condition of the proofs the court would

have been justified in requiring the appellant to pay a stated sum monthly for the purchase of these supplies, as prayed for in the petition; the monthly allowance referred to in the order, $25, being merely for incidentals. An order on the subject was both proper and necessary; there being no certainty, nor even a promise, that the arrangement for supplies would be continued throughout the litigation. Where an application by a wife for temporary support was denied at *nisi prius*, on the ground that the husband *was* providing for her maintenance, it was held to be error and the judgment reversed therefor. *Pinckard v. Pinckard*, 22 Ga. 31.

Another legal objection made to the order is that it puts the wife in possession of the husband's mansion-house. Counsel say there is no averment in the petition on which such an order can rest; that there are no circumstances which can excuse or palliate it, and that the law does not tolerate such an order. That petitioner and the children be allowed to occupy this house is included in the prayer of the petition. Its averments, and likewise the circumstances of the wife and children, as disclosed by the evidence, show it to be a present necessity that they have a house to live in, unless permitted to continue in the occupancy of the one furnished by the appellant. No objection was made to this arrangement on the hearing, or prior thereto; on the contrary, one of the grounds of objection to an allowance for their temporary support was that appellant had furnished them this house. The averment of his answer on this point is "that he not only supplied said petitioner and said children with food, fuel and clothing, but likewise supplied them with an excellent home, without any cost or expense whatever to the petitioner." The attention of the court being thus called by the appellant himself to the fact that he had provided a home for petitioner and the children, we know of no legal objection, under our statute and practice, to the sanctioning, *pro tempore*, by the court of the provis-

ion so made by the appellant himself, with a direction that he continue the same. Appellant's object in directing the court's attention to this arrangement was doubtless to defeat an allowance for the same purpose in money, and probably, also, to obtain a recognition of his right to continue in the occupancy of the room in said house, which right is insisted upon in his averment. He was successful as to both objects, and the only foundation for the objections now urged would seem to be that the court required him to continue these arrangements which he had made during the pendency of the litigation. The objection seems to us to lack both merit and legal support.

But the objections do not end here. The power of the court to make any provision for the support of the petitioner is challenged by the following legal proposition, viz.: "The fact that appellee was, at the time of instituting her suit, residing in the dwelling with appellant, and continued to do so at the time of passing this order, excluded all power on the part of the court to make any allowance of alimony *ad interim*." The authorities cited in support of said proposition are *Anshutz v. Anshutz*, 16 N. J. Eq. 163; *Chapman v. Chapman*, 25 N. J. Eq. 394; *Tayman v. Tayman*, 2 Md. Ch. 393; 2 Bish. Mar. & Div. § 384. We do not think these authorities sustain the proposition, and it is our opinion the law is otherwise on the facts of the present case. It clearly appears from the proceedings and proofs of both parties that they were not cohabiting as husband and wife, either at the time of filing the petition for alimony, or at the time of the hearing below, nor for many months previous to the filing of the original complaint. Nor did they in all this time eat at the same table or in any sense of the term "live together." The appellant merely occupied a room in the same house; boarding elsewhere. These being the conceded facts, it matters not, so far as the validity of this order is concerned, that appellant charges this condition

of affairs to the misconduct and fault of his wife. In the citation from Bishop, *supra*, it is said that, where a suit is pending for divorce, it is legally improper for the parties to live in matrimonial cohabitation; and, "even if the husband offers to support the wife in his own house, with separate beds, she should not accept the offer." To these propositions the author cites *Sykes v. Halstead*, 1 Sandf. 483, and *Pinckard v. Pinckard*, 22 Ga. 31. The cases cited do not support the text to the extent claimed by the appellant. In *Sykes v. Halstead* the plaintiff sued the defendant for coal furnished defendant's wife during the absence of the latter from the home of the husband, pending her action against him for divorce. The defense was the husband's offer to provide board for his wife in the same house with him, with a separate room. The court held it to be no defense, since the wife was not bound to live in the same house with her husband after instituting proceedings for divorce. *Pinckard v. Pinckard* holds it to be error to deny the application of a wife for temporary alimony pending her suit for divorce, on the ground that the husband has made provision for her support. Beyond this ruling, the views of the court are expressed in favor of an order in such cases directing payment to be made by the husband of a certain sum of money for the use of the wife periodically, in accordance with the practice of the court. In support of this practice, the court says this course prevents the endless altercations and confusion which would result from intrusting the maintenance to the husband, where the parties are alienated in feeling, as they always are in such cases. There is no intimation in either of the foregoing decisions that it would be illegal for the wife to accept such support during the pendency of her suit, when tendered by the husband, or that it would invalidate or nullify the proceedings for divorce. The extent to which the authorities have gone is to hold that the parties must not cohabit during the pendency of said proceeding. The New Jersey

cases cited hold the parties may properly live under the same roof pending the proceedings. *Anshutz v. Anshutz*, 16 N. J. Eq. 163, was an application by a wife for alimony only. The court held it necessary, under the New Jersey statute, that the bill should charge abandonment by the husband to authorize a decree, but observed: "There may be an abandonment or separation, within the sound construction of the act, while the parties continue under the same roof; as where the husband utterly refuses to have any intercourse with his wife, or to make any provision for her maintenance. He may seclude himself in a portion of his house, and take his meals alone, or board elsewhere than in his house, and thus effectually separate himself from her, and refuse to provide for her, as in case of actual abandonment." In *Chapman v. Chapman*, 25 N. J. Eq. 394, the wife had filed a bill for a divorce against her husband on the ground of adultery; but there was a petition in the same case to restrain him from entering into or remaining in the same house in which they resided until the termination of the suit. Each party claimed to own the house. The court, while holding it to be the duty of the complainant to cease cohabitation with her husband until the termination of the suit, declined to either exclude the husband from his home, or to declare it to be the duty of the wife to leave, although the foregoing citation from 2 Bish. Mar. & Div. § 384, and other authorities on these same points, were considered. Among other reasons assigned for the view taken, the court said: "Moreover, the parties in this case, though living under the same roof, occupy separate apartments. Their relations are apparently hostile. Each complains of the animosity of the other." The remaining case cited in support of the foregoing proposition, viz., *Tayman v. Tayman*, 2 Md. Ch. 393, contains the following remark by the court, that, if the wife "be living with her husband, an allowance of alimony *pendente lite* would be unnecessary and improper; but it

does not therefore follow that under such circumstances, upon application by her, the husband would not be made to supply her with money to fee counsel, and defray the expenses of the suit." In our judgment, the circumstances of the case now under review do not constitute a "living with the husband," within the rule of the last case.

Upon consideration of the authorities and arguments, and also upon a due consideration of the facts and circumstances of these parties, financial and contingent, we are unable to say that there was an abuse of discretion or a violation of the law in the order made by the district court. The judgment will therefore be affirmed.

*Affirmed.*