Per Curiam.
An application for alimony has been made herein. It covers several matters, — the support of the plaintiff in error, counsel fees for her attorneys, and the cost and expense of printing abstracts and briefs.
The suit was begun to annul and dissolve an alleged marriage between the plaintiff in error and the defendant. The action came to a hearing and the bill was dismissed.
The complexion of the suit is somewhat peculiar. There was no averment or proof of a marriage solemnized in the ordinary way, but the union averred was an agreement to marry, followed by cohabitation. In other words, it was what is designated in the books and by counsel as a “ common law marriage.”
In disposing of this motion, we do not determine whether or not such an application will lie in this court in favor of the defeated party, nor do we consider the principles by which motions of this description are ordinarily measured and determined, except in one aspect. Where the defeated party *550 makes an application in the appellate court, all agree the record must be gone into and examined in order to ascertain whether or not grave error has been committed. We recognize the force of this rule and the extent of it, and, in obedience to its requirements, we have carefully examined the record, aided by the learned and exhaustive briefs filed by counsel. We are unable to discover errors which have the impression they are of sufficient importance to compel a reversal of the judgment, unless we accept counsel’s proposition that the judgment is not supported by the evidence. This must be assented to before we can conclude there is error in the record which will compel us to disturb the findings. Since this is the situation, we do not believe the case is one wherein the plaintiff in error is entitled to alimony pending the hearing. This contention may result in considerable hardship, but the attorneys will have to take their chances on the result, and the plaintiff in error must care for herself and provide means for the prosecution of the writ of error if she desires to be heard. The influence and importance which our courts always give to the finding-s of trial courts, on matters of fact when a case comes up for review precludes an}*- other determination of this interlocutory question. We regard the case as very widely different from one wherein the marriage is admitted, but the ground for divorce is contested. In a. case like the latter, both the- legal and the moral obligation is on the husband to care for his wife. Where, according to the findings of the court, there is no marriage, there is certainly no legal obligation, nor is there any doctrine of morals which compels the alleged husband to care for the person who is adjudged not to be his wife. We do not want to be understood as expressing any opinion regarding the weight or the character of the evidence or the merits of the controversy. The case is put solely and squarely on the ground that the plaintiff in error is not brought within the scope of any rule or practice which entitles her to alimony pendente lite.
The application will therefore be denied.

Denied.