[No. 4156.]

## EICKHOFF v. EICKHOFF.

1.  DIVORCE—ALIMONY PENDENTE LITE—APPEAL—PRACTICE.

    A judgment for temporary alimony, attorney fees and suit money in a pending divorce suit is a judgment that may be reviewed in the supreme court.

2.  DIVORCE—ALIMONY PENDNTE LITE—DISCRETION OF COURT.

    In a divorce suit where the wife was in indigent circumstances and the husband was a man of large means an allowance of $50 per month as temporary alimony, $250 attorney fees and $25 suit money was not excessive, and was not an abuse of discretion by the trial court.

3.  DIVORCE—ALIMONY PENDENTE LITE—PROOF OF MARRIAGE.

    The allowance of temporary alimony is dependent upon the existence of the marriage relation, and all necessary facts to establish such relation must be made to appear at least *prima facie* before such allowance is made by the court, but where a *prima facie* case is established alimony should be awarded.

4.  SAME,

    Where the complaint in a divorce suit sufficiently alleges the marriage relation, and at the time of the hearing of the petition for temporary alimony no answer had been filed or tendered for filing, although the defendant on the hearing presented an affidavit in the form of a verified answer, which was received and considered, and which was afterwards filed as an answer, setting up facts which if true would render the marriage between plaintiff and defendant void in law, the allegation of marriage at the time stood admitted and temporary alimony was properly allowed.

5.  SAME—ILLEGAL MARRIAGES.

    In an action for divorce where it is clear upon the admitted facts that the marriage alleged in the complaint is void in law, or where the preponderance of the evidence tends to show that there was never a marriage in fact, temporary alimony should not be awarded, and if awarded will be set aside on review.  But where a marriage *de facto* is

admitted and the parties in good faith cohabited as husband and wife, and the legality of the marriage, though denied by the husband, is debatable, the legal proposition not having been judicially determined in this jurisdiction, it should not be decided upon an application for alimony *pendente lite*, and an award of temporary alimony by the trial court will not be disturbed on appeal, because the validity of the marriage is questioned.

6. SAME.

The provision in our divorce statute for the allowance of alimony *pendente lite* is comprehensive enough to cover a case where there might be some question as to whether the marriage was one *de jur$_e$* provided there was a marriage *de facto*.

*Error to the District Court of Arapahoe County.*

Mr. E. A. BALLARD, Mr. H. B. JOHNSON and Mr. RALPH W. SMITH, for plaintiff in error.

Mr. THOMAS W. LIPSCOMB, for defendant in error.

Mr. T. M. ROBINSON *amicus curiæ.*

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The defendant in error, as plaintiff below, brought her action of divorce against the plaintiff in error, defendant below, alleging cruelty. On the 13th of September, 1897, she filed a petition for temporary alimony, attorney fees and suit money, alleging, among other things, that she is in indigent circumstances, and has no means with which to pay the expenses of the litigation, and that her husband, the defendant, is a man of large means, worth about fifty thousand dollars.

Upon the hearing petitioner presented her proofs and responde⸗ *inter alia*, read what purported to be a verified : n ⸗er in the cause. The same was

received by the court as an affidavit, but not as an answer, for it was not filed, nor was any offer then made to file it as an answer, though it was so filed two days thereafter. So we read the record, and such was the reading by the court of appeals when it dismissed defendant's appeal from this same judgment for want of jurisdiction. *Eickhoff v. Eickhoff*, 14 Colo. App. 127. In the affidavit it was alleged that petitioner was formerly the wife of Albert P. Mallaby and obtained a decree of divorce from him in the county court of Arapahoe county, Colorado, on February 27, 1897, which decree prohibited both parties from remarrying within one year; but, notwithstanding such decree, the petitioner induced the respondent on April 1, 1897, to go with her to Cheyenne, Wyoming, and enter into a pretended marriage. That for many years both of these parties resided in Colorado and intended to reside in this state and never intended to reside in Wyoming or elsewhere than in Colorado; and that petitioner procured said marriage to be performed in order to avoid the laws of Colorado; and he therefore prayed that the pretended marriage might be adjudged null and void. Respondent then offered in evidence the complaint, summons and return thereon, and the decree in Mallaby v. Mallaby, which was objected to on the ground that the same was incompetent, immaterial and irrelevant. The objection was sustained and the defendant excepted. Judgment was thereupon, and on September 18, given in petitioner's favor for temporary alimony in the sum of $50 per month, $250 attorney fees and $25 for suit money, and thereto defendant sued out this writ.

1. It was decided in *Daniels v. Daniels*, 9 Colo. 133, that an appeal from, or writ of error to, a judg-

ment for temporary alimony would lie. The reason for the rule is just as applicable under the present divorce act of 1893 as it was under the provisions of the code of 1885 in force at the time that decision was rendered, and the argument of defendant in error that the rule should now be different is not sound.

2. It is contended by plaintiff in error that the respective amounts awarded by the court are excessive and not justified by the evidence. We do not think such contention good. The court did not abuse its discretion in the premises.

3. The principal contention of the plaintiff in error is that, since the allowance of temporary alimony depends upon the existence of the marriage relation and the undisputed facts set up in the so-called answer constitute the pretended marriage of plaintiff and defendant void in law, the relation was not established and the judgment for temporary alimony was erroneous.

The rule for allowing alimony *pendente lite* is based upon the existence, among other things, of the marriage relation, and if the showing of all necessary facts is not made to appear at least *prima facie*, the courts should not award it. *Daniels v. Daniels, supra; Cowan v. Cowan,* 10 Colo. 540; *Kiefer v. Kiefer,* 4 Colo. App. 506; *Taylor v. Taylor,* 7 Colo. App. 549.

But if such a *prima facie* case is established, alimony should be awarded. The complaint in this case sufficiently avers the marriage relation. At the time of the hearing of the petition for temporary alimony that allegation stood admitted. No answer had been filed, or tendered for filing, as such. The court was not supposed to know, or bound to presume, that the answer which was tendered and re-

ceived as an affidavit, would in fact be filed, or that an issue as to the existence or validity of the marriage would ever be tendered. To place the decision affirming the judgment upon this ground alone would be somewhat technical, yet entirely sufficient to uphold that ruling.

In the opinion, as first handed down, it was said that there was no allegation or proof of the identity of Libby B. Mallaby, plaintiff in the county court case, and Elizabeth B. Eickhoff, plaintiff herein. Further examination of the transcript at least casts doubt on the accuracy of that observation. We prefer, therefore, to withdraw the statement and modify the opinion by omitting the reference. Our conclusion, however, was not, nor is it now, at all dependent upon it, but may be put entirely on what follows.

4. But for a more substantial reason this judgment should be affirmed. Where it is clear upon the admitted facts that the marriage averred in a complaint in an action for divorce is void in law, or that the preponderance of the evidence tends to show there was never a marriage *de facto*, a judgment for temporary alimony should not be given, and, if awarded, would be set aside on review. But where, as in the case at bar, a marriage *de facto* is admitted, and the parties in good faith cohabited as husband and wife, and the marriage, though one *de facto*, is said not to be a marriage *de jure*, and where it appears, as here, that the legal proposition presented is a debatable one, concerning which able courts have disagreed and no binding judicial determination has been had in the jurisdiction where the point is raised, we think it should not be decided upon an application for alimony *pendente lite*. Where, as in this case, the trial court has held, as appears to be the case, that the

marriage alleged by the plaintiff in her complaint was a legal and valid marriage, and the parties have lived together as married persons, we are not disposed upon a review of its judgment for temporary alimony to examine into this controverted question, unless altogether clear as to what our final decision will be. To do so would be virtually a decision of the merits, and that determination we prefer to postpone until the cause comes here, if at all, from the final judgment. *Kiefer v. Kiefer, supra,* is not against this conclusion. It can be distinguished from the case at bar. There the marriage, while admitted to have been celebrated, was shown not to be in existence at the time of the application for temporary alimony, for the matrimonial bonds had been dissolved by a valid decree of a court having jurisdiction. Here the marriage *de facto* is admitted, but alleged to be void as the result of a decree of divorce dissolving the marriage relation which previously existed between the plaintiff and a former husband, and which prohibited a remarriage of either within one year. In the *Kiefer case* there could be no question as to the effect of the decree there pleaded, while the effect of this decree as to a marriage out of this state and contrary to the prohibition of the decree, by a party divorced here, has never been determined by a court of review in this jurisdiction.

In *Taylor v. Taylor, supra,* our court of appeals ruled that when the finding of the trial court in a divorce case was that there had been no legal marriage between the parties, alimony *pendente lite* would not be awarded in the reviewing court. The principle announced is authority for the converse of the proposition that when the trial court in such a case finds that there was a legal marriage between the parties,

its award of temporary alimony should not be disturbed upon a review of the award—merely because the validity of the marriage *de jure* is raised—but that such question should be postponed until the final judgment is brought up, except in such a case as we have mentioned.

Under our divorce statute (Session Laws, 1893, 236), it is a ground of divorce that the husband or wife had a wife or husband living at the time of their marriage. And by section 9 of the same act it is provided that at all times after filing the complaint for divorce the court, upon application, may grant alimony and counsel fees *pendente lite*. The spirit of this provision is comprehensive enough to cover a case where there might be some question as to whether a marriage was one *de jure* provided there was a marriage *de facto*. The following authorities seem to be in line with our conclusion: 2 Bishop on Marriage, Divorce and Separation § 922 *et seq.; Vincent v. Vincent*, 16 Daly (N. Y.) 534; *Finkelstein v. Finkelstein*, 14 Mont. 1; *Lea v. Lea*, 104 N. C. 603.

Such cases as *Hite v. Hite*, 124 Cal. 389, where the marriage *de facto* is denied; holding that the trial court must be satisfied by a preponderance of the evidence that the plaintiff is the wife of the defendant before temporary alimony is awarded, are not in point, under the admitted facts here.

The judgment should be affirmed and it is so ordered.

*Affirmed.*