[No. 9063.]

## JONES v. JONES.

DIVORCE—*Alimony—Counsel Fees, etc.* Where in a wife's action for a divorce, the marriage, the destitute condition of the wife, and the husband's ability are shown, temporary alimony, counsel fees, and costs must be awarded.

*Error to Denver County Court.* Hon. W. C. HOOD, JR., Judge.

Mr. EDWIN N. BURDICK, for plaintiff in error.

Mr. RAYMOND S. SULLIVAN, for defendant in error.

Mr. JUSTICE WHITE delivered the opinion of the court.

An action was instituted in the trial court by Bessie Jones against her husband, George T. Jones, for divorce. Plaintiff also petitioned the court to award her alimony *pendente lite,* court costs, and attorney's fees. An answer and cross-complaint was filed in which the marriage between the parties was admitted, the grounds alleged by plaintiff for divorce denied, and allegations of misconduct on the part of plaintiff set forth, and a decree of divorce prayed for in behalf of defendant. To the answer and cross-complaint, plaintiff filed her replication, and thereafter a hearing was had upon the petition for alimony, court costs and attorney's fees only. The court ordered the defendant to pay the costs of the proceeding, a small sum—$25.00—as a fee for plaintiff's attorney, and $5.00 per week for the support and maintenance of

plaintiff during the pendency of the suit. The defendant seeks to have this order reversed.

The question as to which of these parties, if either, is entitled to a divorce is not involved herein. The defendant may be, upon final hearing, adjudged innocent, and the plaintiff guilty, or *vice versa;* or it may be that both parties are at fault. As to the final result in relation to such matters, we are not concerned at the present time. The complaint states a case within the equitable jurisdiction of the *nisi prius* court, and the petition for alimony, etc., is incident thereto. The existence of the married relation of the parties, the destitute condition of the wife, and the financial ability of the husband were the sole essential facts involved upon the hearing in question. These facts were found in favor of the plaintiff and she was entitled to the favorable action of the court in the premises. The law in relation to such matters has been frequently stated by this court. *Daniels v. Daniels,* 9 Colo. 133, 10 Pac. 657; *Cowan v. Cowan,* 10 Colo. 540, 545, 61 Pac. 215; *Eickhoff v. Eickhoff,* 29 Colo. 295, 298, 68 Pac. 237, 93 Am. St. 64.

We approve of the action of the court in the premises, and the judgment is, therefore, affirmed.

*Judgment affirmed.*

Mr. Justice Hill and Mr. Justice Teller concur.