No. 15,071.

PIERCE v. OTTE.
(142 P. [2d] 283)

Decided September 27, 1943.

Mr. Joe D. Neff, Mr. Harry G. Saunders, for plaintiff in error.

Mr. John T. Dugan, for defendant in error.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

In this case, based upon the same record and involving the same parties as in *Otte v. Pierce,* 111 Colo. 386, 142 P. (2d) 280, it appears that the wife, before filing her answer in that suit (filed July 8, 1941), filed a motion for temporary alimony, court costs and attorney's fee, which motion was heard August 7, 1941. Evidence at this hearing shows that the husband is worth about $25,000 and has an income of over $500 a month. The court ordered him to pay $35.00 a week pendente lite, $100.00 attorney's fee, and costs. The husband paid the $100.00 attorney's fee, the costs to date, and made but two weekly payments of $35.00 each. October 20th the court issued a citation for contempt against him, hearing on which was set for October 24th. Hearing was continued twice and the matter was finally set for hearing for October 29th, the date for the trial in the annulment suit, *Otte v. Pierce, supra,* which meanwhile had come at issue. What happened in that trial sufficiently appears in our opinion in that case.

The hearing on the citation for contempt was again continued until November 5th at which time the court took further evidence, mostly in relation to furniture, and at the conclusion of the hearing found the husband guilty of contempt and entered judgment for accrued temporary alimony against him in the sum of $315.00, allowing an additional $50.00 attorney's fee and awarding the furniture to the wife.

November 13, the husband filed a motion for rehearing on the judgment entered as of November 5th. The

court, in denying the motion for rehearing, said, in addition to his statement quoted in the opinion in *Otte v. Pierce, supra,* that up to the time of annulment he had "the right to consider the defendant as the wife of the plaintiff," in view of the fact that she had lived with him as such for nearly two years; had collected the rent, had done the housework and that she was entitled to at least $40.00 a month for that time; that "this furniture which the court found in her favor, it didn't amount to more than $40 a month," and that she was entitled to that as "an award for services rendered."

November 26, 1941, the court ordered the husband to pay another $100.00 attorney's fee and another $100.00 "to defray expense of preparing record for the Supreme Court."

In suing out his writ of error, counsel for the husband, while specifying eleven points "upon which he relies for a reversal" of the judgment and orders, sums them all up in the question, "Whether or not the trial court had a right to grant alimony or support money to the defendant after the court had found the defendant was not married to the plaintiff." His contention is that to permit the judgment and orders to stand would be to place our approval on "a reward being paid to the defendant for her admitted perjury and bigamy."

Reliance is had on the rule that, "There can be no decree granting alimony where it is not shown by the record that the marital relation exists at the time the application is made." *Kiefer v. Kiefer,* 4 Colo. App. 506, 36 Pac. 621, and authorities therein cited. "Where, according to the findings of the court, there is no marriage, there is certainly no legal obligation, nor is there any doctrine of morals which compels the alleged husband to care for the person who is adjudged not to be his wife." *Taylor v. Taylor,* 7 Colo. App. 549, 44 Pac. 675. "Where it is clear upon the admitted facts that the marriage averred in a complaint in an action for divorce is void in law, or that the preponderance of the evidence

tends to show there was never a marriage de facto, a judgment for temporary alimony should not be given, and if awarded, would be set aside on review." *Eickhoff v. Eickhoff,* 29 Colo. 295, 68 Pac. 237. It is to be noted that immediately following the language quoted from the Eickhoff case, the court continues: "But where, as in the case at bar, a marriage de facto is admitted, and the parties in good faith cohabited as husband and wife, and the marriage, though one de facto, is said not to be a marriage de jure, and where it appears, as here, that the legal proposition presented is a debatable one, concerning which able courts have disagreed and no binding judicial determination has been had in the jurisdiction where the point is raised, we think it should not be decided upon an application for alimony pendente lite. * * * The principle announced [*Taylor v. Taylor, supra*] is authority for the converse of the proposition that when the trial court in such a case finds that there was a legal marriage between the parties, its award of temporary alimony should not be disturbed upon a review of the award—merely because the validity of the marriage de jure is raised. * * * The spirit of this provision [§9, S.L. '93, p. 240, substantially the same as §8, c. 56, '35 C.S.A.] is comprehensive enough to cover a case where there might be some question as to whether a marriage was one de jure provided there was a marriage de facto." *Eickhoff v. Eickhoff, supra.*

As will be observed, the above cases were divorce cases, and counsel for the husband inferentially admits that had this been a divorce suit the trial court might have been right, but he insists that since this is an annulment suit, and the trial court found conclusively that there never had been a marriage, that the equitable doctrine of unclean hands precludes any allowance for the wife. That, however, was the very thing she was seeking to disprove in *Otte v. Pierce, supra,* wherein we held she had the right to attempt, at least, to do that.

We need not consider possible distinctions be-

tween annulment and divorce in this type of cases (38 C.J. 1347), because we agree with the well established and recognized rule that, "Where the husband brings the suit [annulment] and the wife defends, asserting the validity of the marriage, she is in position to claim alimony pendente lite and an allowance for the expenses of the suit and for counsel fees, and it will be granted to her on a proper showing." 38 C.J. 1359, §137.

Since counsel for the husband challenges only the power of the court to make the allowances, and not the amount, and having determined it had the power to make them, we are of the opinion that the judgment should be, and it accordingly is, affirmed.

MR. JUSTICE KNOUS not participating.