No. 15,158.

OTTE v. PIERCE.

(142 P. [2d] 280)

Decided September 27, 1943.

Mr. JOHN T. DUGAN, for plaintiff in error.

Mr. HARRY G. SAUNDERS, Mr. JOE D. NEFF, for defendant in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

PLAINTIFF in error was defendant below in an annulment suit brought by defendant in error in which the latter alleged that at the time of his purported marriage to her, she was the wife of another man who was still living. The parties were at least ceremoniously married in Littleton, October 2, 1939. Annulment was decreed by the trial court, and plaintiff in error, to whom we hereinafter refer as the wife, seeks reversal on a writ of error.

In support of his action, the husband introduced in

evidence the record of proceedings in a divorce case in which the wife admittedly was the plaintiff, seeking a divorce from a man named Otte. These proceedings are a part of the record herein, and they so show.

As part of her answer to the annulment action, the wife states that she never was married to Otte; that her relationship with him was fully explained to the plaintiff; that he had knowledge of all the facts surrounding her past; and that it was not until a couple of days before the final decree in the divorce action was signed that plaintiff ceased living with her as his wife; that it was because she was ignorant of her legal status, and only to please him, that she filed the action of divorce; that he furnished the money therefor; that they lived together happily until July 6, 1941, when plaintiff informed her that she was not his wife and threatened her life if she did not get out of the house.

The matter was being tried before a jury, but when the record of the divorce proceedings was introduced in evidence, and plaintiff had stated that he knew nothing of them until he saw the published summons January 9, 1941, the court took the case away from the jury and found as a matter of law that the wife was estopped from giving any testimony concerning the divorce action which was in contradiction of the record. Counsel agree that the correctness of this ruling is the sole question to be decided.

That there was grave doubt concerning her ever having been married to Otte appears from a statement of the trial judge in which he says: "For some reason the plaintiff evidently became dissatisfied, and he induced the defendant to bring a suit for divorce * * * upon the charge that she was married to another person at the time. * * * it is doubtful whether there was any marriage with this other party. It went by default; * * *. But nevertheless, there are two letters in evidence from the person to whom she was supposed to be married, denying any such marriage; * * * the court doubts very

much whether there was ever any marriage between the defendant—this lady—and the party whom she was suing for divorce * * *."

That the record supports these deductions of the court is not seriously challenged, but plaintiff's counsel insist that the wife is precluded by the rule that, "A party who has, with knowledge of the facts, assumed a particular position in judicial proceedings, and has succeeded in maintaining that position, is estopped to assume a position inconsistent therewith to the prejudice of the adverse party." 21 C.J. 1223, §227. "A claim made or position taken in a former action or judicial proceeding will, in general, estop the party to make an inconsistent claim or to take a conflicting position in a subsequent action or judicial proceeding to the prejudice of the adverse party." 21 C.J. 1228, §232. It is to be noted that these rules are stated in relationship to actions where the parties are the same. Pierce was not a party to the divorce proceedings. But even as to the rules quoted it is said, "Where the conduct relied on to create the estoppel was caused by the act of the party claiming the estoppel," they do not apply. 21 C.J. 1231.

The other rule upon which counsel for Pierce relies is one of evidence, and makes incompetent oral testimony which will vary the terms of written instruments. 22 C.J. 1070. This rule "is stringently enforced to forbid the admission of any parol or extrinsic evidence to contradict, impeach, vary, or explain judicial records, especially where the right of third persons acquired under a judgment would be affected. * * * It also precludes the admission of evidence showing the grounds of a judgment, order, or decree, or to show that the grounds on which a judgment was apparently based did not exist, or that a verdict was improper." 22 C.J. 1077, 1078, 1079, §1388. No Colorado cases are cited thereunder, and we do not believe the rule is exclusive where there is lack of mutuality of estoppel, for example, "A party will not be concluded by a former judgment, un-

less he could have used it to his advantage and to the disadvantage of the other litigant, had the judgment been the other way. Both the litigants must be alike concluded or the proceedings cannot be set up as conclusive upon either." *Wilson v. Mitchell,* 48 Colo. 454, 569, 111 Pac. 21; citing Greenleaf on Evidence.

We think the rule which prohibits a person who has acted wrongfully from setting up an estoppel (31 C.J.S. 281) is applicable here and has been followed in several cases similar to the one at bar. See *Simpson v. Simpson,* 162 Va. 621, 175 S.E. 320, 94 A.L.R. 909; *Williams v. Williams,* 63 Wis. 58, 23 N.W. 110; *Luke v. Hill,* 137 Ga. 159, 73 S.E. 345; *Routledge v. Githens,* 118 Ore. 70, 245 Pac. 1072; Annotation 45 A.L.R. 922.

"A divorce decree will not estop a party thereto from contesting with a stranger the truth of the grounds as affecting his liability in another suit upon a cause of action arising pending the divorce suit but before the decree." *Luke v. Hill, supra.* As already noted, the annulment suit was filed before the final decree of divorce was entered. If the defendant in this case was seeking to get the property of Otte, assuming he had died and left an estate, we would have a situation somewhat analagous to that in *Arthur v. Israel,* 15 Colo. 147, 25 Pac. 81, where we held Israel was estopped to deny the divorce.

Since the husband was permitted to testify as to the divorce proceedings, particularly as to the time he says he learned of them, it was error to refuse the wife's testimony tending to establish the contrary. At least she had the right to tell her story to the jury. 38 C.J. 1354.

The judgment is reversed and the cause remanded with instructions that in the event of a new trial the court shall overrule the husband's objection and permit the wife to testify.

MR. JUSTICE KNOUS not participating.