Mr. Justice Pringle
delivered the opinion of the Court.
Ethel Harris (hereinafter referred to as the plaintiff) filed a complaint for divorce from Henry Harris (hereinafter referred to as the defendant) in which she alleged that the two of them had entered into a common law marriage. At the same time she filed a motion for temporary orders for alimony and attorney’s fees. The plaintiff did not allege that any children were born as a result of the marriage.
The defendant filed his answer denying the existence of the common law marriage and further asserting as a defense that at the time the parties allegedly entered into the common law marriage he was still validly married to a former spouse, and that the plaintiff had full *235 knowledge of this situation. At the hearing on the motion for temporary orders, the judge denied the motion on the sole basis that an answer denying the existence of the common law marriage had been filed before the hearing, and under such circumstances the court could not enter any temporary orders as a matter of law.
The plaintiff contends that the judge was in error in dismissing the motion as a matter of law. We agree.
Temporary alimony, or alimony pendente lite, as it'is alternatively called, stems from the duty of a husband to support his wife during the time of the marriage. Bieler v. Bieler, 130 Colo. 17, 272 P.2d 636. Necessarily, then, there must exist a husband-wife relationship before temporary alimony can be awarded, and in order to protect an alleged husband in a divorce action from being ordered to temporarily support a woman who is not his wife, this Court has held that a woman who is plaintiff in a divorce action must make a prima facie showing that a marriage relationship exists between her and the defendant in the case before she is entitled to temporary orders for alimony and attorney’s fees. Eickhoff v. Eickhoff, 29 Colo. 295, 68 P. 237.
 But it is not required by our law that the issue of marriage or non-marriage must be fully and completely determined upon its merits before temporary orders be awarded, as the trial court did here in summarily dismissing the application for temporary orders solely on the ground that an answer had been filed denying the marriage relationship. The alleged wife was entitled to present evidence in an attempt to make a prima facie showing of a marriage, and, if she could do so, to have the hearing on temporary orders proceed in accordance with the established rules concerning the wife’s need and the husband’s ability to pay. We point out that if it becomes clear at the hearing that there cannot arguably be a marriage, then, of course, the trial judge may properly refuse to grant temporary orders. Kiefer v. Kiefer, 4 Colo. App. 506, 36 P. 621.
*236 This judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.