## No. 6992.

SUCCESSION OF JACOB HOOVER ET AL. VS. Z. YORK AND E. J. HOOVER, EXECUTORS. A. G. OBER, INTERVENOR.

The parish court has exclusive jurisdiction of suits to annul wills and set aside the probates of the same.

The nullity of proceedings for the probate of a will, and of the orders in execution of it must be sued for in the court which decreed the probate, and made the orders.

If different causes of action be alleged in a suit brought in a probate court, of some of which causes the court has jurisdiction, and of some, not, it should take cognizance of the former causes and reject the latter.

Where a court has once acquired jurisdiction of a suit, that jurisdiction will be maintained. It can not be impaired by a claim in reconvention, or intervention, of which the court has not original jurisdiction.

A demand in intervention must be before the court in which the main action lies, and must follow that jurisdiction when it is really incidental and collateral to the main suit.

One whose title to lands (worth over $500) depends on the validity of a certain will, may intervene in a suit brought in the parish court to annul the will, in order to set up, and vindicate his title, and the intervenor's title being thus put at issue, the plaintiff may contest it to show that the former had no right to intervene. But no inquiry into the validity or enforcement of mortgage claims on such lands, set up by the plaintiffs, will be allowed.

A parish court which is without jurisdiction of a suit brought before it, has no authority to issue an order to transfer the suit to the district court. It has only power to dismiss the suit.

APPEAL from the Parish Court of Concordia. *Hough,* J., acting for parish judge, recused.

*George S. Sawyer* for plaintiff and appellant.

*O. Mayo* for intervenor and appellee.

The opinion of the court was delivered by

EGAN, J. This peripatetic suit appears to be as vexed and unhappy

as those spirits of the ancients which appeared on the banks of the mythical river Styx without the obolus. According to the representations of counsel it was originally instituted in the parish court, removed thence to the district court, twice to the Circuit Court of the United States, and each time remanded to the State court; dismissed on exception from the district court, and again brought up for consideration in the parish court from which it now comes on appeal to us. It was originally instituted by the plaintiffs, claiming to be heirs of Jacob Hoover, deceased, against the defendants, executors and instituted heirs, under a will made by him, in order to set aside and annul the will and the probate thereof, and to have petitioners declared entitled to the succession and property as heirs at law. Ober intervened and joined the defendants in resisting the demands of plaintiffs, alleging that he was interested and had a right to do so by reason of his being the purchaser of valuable real property, the title to which depended upon the maintenance of the validity of the will. The plaintiffs answered the intervention at great length, attacking the title of Ober on various grounds, and asking to be allowed to enforce certain alleged mortgage rights as against him.

The parish judge being recused on account of personal interest, the district judge was called to preside in the parish court, whereupon Ober, the intervenor, moved and the court ordered, that so much of the plaintiffs' answer to the intervention as seeks to set aside the title of Ober to the lands purchased by him under the will of decedent and to enforce a mortgage on the same be stricken out and disregarded as not germain to this action and as being matter over which the parish court had no jurisdiction; and further ordered that the issues be confined to the nullity of the will and the probate thereof and the question of "*res adjudicata*" raised in the answer of the defendants and the petition of intervention. The plaintiffs' counsel filed an exception to the authority of the district judge to take cognizance of this case in the parish court and prayed that it be transferred and assigned to the docket of the district court, there to be tried by jury, a right to which is claimed by the plaintiffs. The judge overruled the exception and motion to transfer, and it is from this ruling and that to strike out and disregard portions of the answer to the intervention that the present appeal is taken. The plaintiffs' counsel has favored us with an elaborate argument and reference to authorities, most of which we consider it unnecessary to review.

This suit proper was simply to annul a will and the probate of a will and to have certain persons plaintiff declared heirs and entitled to take as such. This was purely a probate proceeding and cognizable alone by the parish court in which the succession was opened. It was a matter incidental to the opening and settlement of the succession. Con-

48

stitution, article 87; Code Practice, article 928 to 943; same, 1000 to 1003; same, 921 to 925. Courts of probate have no jurisdiction except in the cases determined by the law. C. P. 925. The nullity of the proceedings for the probate of the will and of orders in execution of it must be sued for in the court which rendered them. C. P. 608; 15 An. 81. This proposition however is so rudimental that citation of authority is unnecessary. If different causes of action be alleged, of some of which the probate court has jurisdiction, and of others not, it should take cognizance of the former and reject the latter. Taylor vs. Hollander, 4 N. S. 537 ; Ager vs. Dunning, 7 N. S. 660.

A claim in reconvention can not alter the rule or affect the jurisdiction of the main action. Flood vs. Shamburgh, 3 N. S. 622; Duncan vs. Duncan, 14 L. 556. When the jurisdiction of the court where the suit is brought has once attached it will be maintained. Bayne vs. Fox and Fox vs. Bayne, 5 R. 2. The demand in intervention must be before the same court in which the original action is brought, and must follow that jurisdiction (C. P. 392) which can not be affected or objected to on account of the intervention. See Kenner vs. Holliday, 19 L. 154. The intervention can not affect either the jurisdiction or authorize interference between the original parties or the pleading of exceptions to dismiss the action. 8 M. 55; 4 N. S. 488; 3 L. 183; 8 R. 123; 3 A. 222. The rights of the intervenor are limited to the protection of his own interest. 5 N. S. 501. If he have such interest he may intervene. C. P. 390. In the case at bar this is all that the intervenor has done, and for the protection of that interest he has joined in the defense, and in asking the rejection of the plaintiffs' demands. He has not asked the probate court as an original or independent matter to pass upon the title to real estate of value beyond its jurisdiction, but only alleges title in himself to lands conveyed by the will, the maintenance of the validity of which he alleges is essential to his title. The allegation of title to lands is merely incidental, to show interest in the pending controversy and consequently his right to intervene. For this purpose and to this extent the parish court had jurisdiction of the question of title as incidental to the main action to which the intervention was only incidental and subsidiary. C. P. 101. All judges possess the powers necessary for the exercise of their respective jurisdictions, though the same be not expressly given by law. C. P. 130. While therefore the probate or parish court could not directly pass upon the matter of title to lands above the value of five hundred dollars, having jurisdiction to annul its own decrees and in the matter of heirship and succession and the validity of the will when directly attacked, it was competent and had jurisdiction to take cognizance of the title so far as it affected the right to intervene and came in question collaterally. "*Quando lex aliquid concedit concedere*

*videtur et id quod devenitur ad illud."*  See 8 N. S. 520; 5 R. 284; 8 R. 488; 3 A. 582.  This was the extent and limit, however, of its jurisdiction as to the matter of title to the land, as to which or the assertion and enforcement of mortgage rights over it where the value, as in this case, appears to have been several thousands of dollars, the parties were necessarily remitted to the court of ordinary jurisdiction.  The court below therefore did not err in refusing to take jurisdiction for such purposes, which were not incidental or collateral to the main action before it.  We think, however, that so far as it was necessary to contest the right of Ober to intervene, in other words, his interest in the pending controversy, that the plaintiffs have a right to contest his title or the fact of his having any title to lands once the property of the succession but no farther, and for no other purpose.  Under the adjudications quoted and the principles announced they should be allowed to do this, and while in the main the ruling of the judge *a quo* in regard to the answer was perfectly correct, it must be modified to this extent if it conflicts with this right of the plaintiffs.  We think the parish court was the court of proper jurisdiction to hear and determine the real substantial controversy between the parties, and that it could and should pass upon all incidental questions necessary for such consideration, and to that extent only.  If, however, it were without jurisdiction it could not even make an order transferring the cause to the district court, but could only dismiss it.  Roman vs. Roman, 4 L. 203.

The case of De Lizardi vs. Gossett, Executor, 1 An. 138, is much relied on by the plaintiffs.  One of the creditors of a partnership sued the executor of a deceased partner *in commendam* in the probate court of Orleans for an unpaid balance of capital promised to the firm of which there were other creditors.  The plaintiffs were nonsuited for want of jurisdiction in the probate court to distribute the fund.  The case was appealed, and meanwhile, under a change of constitution, the Second District Court of Orleans, having general jurisdiction, became the successor of the court of probates.  On appeal, while admitting the want of jurisdiction in the probate court, this court, invoking the authority of article 21 of the Civil Code to proceed and decide according to equity, and assuming the silence of the law on the subject, reversed the judgment below and remanded the case to the Second District Court to take order for the distribution of the fund due by the succession among the partnership creditors.

It appears to us that the jurisdiction of this court being derived solely through an appeal from a court without jurisdiction of the case it could make no order except simply to review the action of the court below, which was solely on the question of jurisdiction, and that the judgment given on appeal involved *the assumption of original jurisdic-*

*tion* by this court. At all events, the case is without authority here, as the parish court still exists with undiminished and unchanged jurisdiction within which comes the case at bar; and as the law is not silent and does make provision for its disposition there is no room or place for the application of the principle of article 21 of the Civil Code, which we have never before known applied to the jurisdiction of a court.

The case of Prentice vs. Waters, 3 N. S. 522, was decided under the express provisions of a statute which took away the jurisdiction of the court where the suit originated and conferred it upon another, and the court said that though the legislature had not pointed out expressly the mode of transferring the record, the latter court having jurisdiction virtually possessed the means of exercising its jurisdiction, which must be by the record being sent to it. The appeal was from the rescission of an order to transfer the record to the court having jurisdiction. There is no similitude to the case at bar, and therefore the case quoted is without authority here. The case of Fairniquet vs. Perkins, 7 Howard 167, was of a transfer from the probate to the district court, and the Supreme Court of the United States said : "*It was a transfer of a litigation by consent* from a tribunal confessedly without authority to decide it to a tribunal in every respect competent to take cognizance of the subject matter, whose peculiar provision and duty it was to take cognizance of it. The exception resolves itself at the utmost into matter of form, which the parties were competent to waive, and which they did waive; for it is expressly stated upon the record that the removal of the cause from the court of probates to the district court was by the consent of all concerned." It can not be pretended that the forms of pleading may not be dispensed with by suitors. This case also originated under the system prevailing in Louisiana prior to the constitution of 1845. In the case at bar both of the essential conditions of that case are wanting: First, there is no consent, but on the contrary a *refusal to consent to* transfer; and, second, the court in which the suit was instituted has jurisdiction to hear and determine all the issues germain to it. The case of Gaines vs. Chew, 2 Howard 640, is against rather than in favor of the position of plaintiffs, as it holds after a recital of the articles of the Code of Practice that the court of probates in Louisiana had *exclusive jurisdiction* in the proof of wills; "and that where a will had once been admitted to probate, a claim that it had been revoked by a subsequent will, and the latter alone is operative, can not be made effectually, so as to set up title under the latter will, save in a court of probate." Of this case it may be also remarked that it originated under the system prevailing in Louisiana prior to the constitution of 1845.

The court below did not err in the present case in taking jurisdiction and refusing to transfer the case to the district court. Neither did it err

in its ruling in regard to the answer of the plaintiffs to the intervention so far as by that ruling it refused to hear or entertain at the instance of plaintiff any inquiry into or enforcement of mortgages upon the land claimed by the intervenor, or into the matter of title at all, further than as incidental to the question of interest of the intervenor in the plaintiff's demands and the validity of the will and its probate. In other words, our opinion is that in answer to the allegation of title by the intervenor the plaintiff should be allowed to aver and show any *absolute nullity* in the title set up or the absence of all color of title for the purpose of contesting his right to intervene—his interest in the cause, but no further, and that the plaintiffs must be remitted to a direct action in a court of ordinary jurisdiction to contest or attack the title of the intervenors to any greater extent or on other grounds. Indeed, they have themselves no interest in this suit to do more, for if, as alleged by themselves, the title of the intervenors is derived through the instituted heirs, and it shall be deemed that they had themselves no title because of the nullity of will, their only muniment, it will necessarily follow that the title of the intervenors will fall with that of those from whom they have derived it, unless protected by prescription.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be so far modified as to permit the plaintiffs to contest the title of the intervenor only to the extent and for the purpose of disproving any interest in him in accordance with the principles of this opinion and no further, and that in all other respects it is affirmed, and that appellees pay costs of appeal.

## On Application for Rehearing.

This application affects only the question of costs of appeal, with which the appellees were charged by our decree, as is now urged by counsel erroneously. The brief of counsel and the rapid succession in the transcript of the entries in regard to the ruling of the judge *a quo* on the motion to strike out part of plaintiff's answer to the intervention and refusing to transfer the case to the district court together with the intimate relation of the two orders led us to consider the appeal applicable to both, and hence as a consequence of the modification of the former to charge the appellees with the costs.

We had some hesitation at the time in even considering an appeal from the motion to strike out, and only did so at all owing to the relation to and dependence upon each other of the two orders complained of. Intervenor's counsel however insists, and we think correctly, that the appeal relates really only to the refusal to transfer the case.

A rehearing is therefore granted to correct our decree in the particular mentioned.

## ON REHEARING.

It is ordered and adjudged that our former decree be so amended as simply to affirm the order appealed from refusing to transfer the cause, and that appellants pay costs of appeal.