*1320 The opinion of the court was delivered by
McEnery, J.
The relator alleges that in the suit of Louis Suberville vs. Lorenza Adams, Civil District Court, Parish of Orleans, for divorce, a rule was taken on behalf of defendant, which was made final, ordering plaintiff to pay the defendant wife $60 per month alimony, with interest, on monthly payments; that the rule.was defective in not assigning a domicil for the defendant pendente lite, and that she had occupied said domicil since said assignment, and that she was in need of the necessaries of life; that in consequence of the defects in the allegations of the application for the rule as above stated, the judgment thereon was a nullity. That previous to the expiration of the delay for an appeal an execution issued on said judgment and plaintiff’s property was seized to satisfy the same. That within the period allowed for an appeal relator applied for and obtained an order of appeal from said judgment, returnable to the Court of Appeals for the parish of Orleans, which was perfected by relator, thus divesting the District Court of jurisdiction and giving jurisdiction to the Court of Appeals.
That after giving the appeal bond énd divesting the jurisdiction of the said District Court the defendant took a rule on plaintiff, the relator, to show cause why said order of appeal should not be set aside and execution on the judgment for alimony issue, on the ground that the Court of Appeals was without jurisdiction.
Relator excepted to the rule on the ground that the District Court was without jurisdiction, having divested itself of the same by granting the order of appeal, and that the Court of Appeals, to which an appeal had been taken, was alone vested with the power to determine and pass upon the jurisdiction in said suit.
The rule was made absolute, and an alias execution issued and the property of plaintiff again seized. An application for an order of appeal from this judgment was made by plaintiff and overruled. After these several proceedings the relator applied to the Court of Appeals for the parish of Orleans for writs of mandamus and prohition, directed to the judge of the Civil District Court, to compel the district judge to grant appeals from both judgments on the rules to show cause why alimony should not be allowed defendant, and the judgment setting aside the order of appeal from the judgment on the first rule. The alternative writs issued as prayed for, and on trial of the rule it was discharged and the relief prayed for denied, on the ground that the court had no jurisdiction of the matter in dispute.
*1321 The relator now invokes the supervisory jurisdiction of this court to compel the district judge to grant the orders of appeal prayed for, and the Court of Appeals to take jurisdiction.
From the above statement of facts it appears that the relator appealed from the judgment allowing alimony to the defendant wife to a court having no jurisdiction of the principal demand, the suit for divorce.
The demand for alimony grows out of the suit for divorce and is inseparable from it. It is an incident to the principal suit, an accessory to it. It is granted pending the divorce suit, and is not dependent upon the judgment in the case. DeLesdernier vs. Husband, 45 An. —.
The Supreme Court is the only one having appellate jurisdiction of suits for divorce and of separation from bed and board. Article 81 of the Constitution.
But the relator contends that the Court of Appeals, after the order of appeal had been granted, was vested with jurisdiction and that it alone had the power to determine it in the case pending on its docket, and it was error for the judge to set aside the order of appeal from the judgment allowing alimony to the defendant, as the District Court in that decree passed upon the jurisdiction of the Court of Appeals.
The Court of Appeals in the trial of the rule sued out by plaintiff and relator for mandamus and prohibition passed upon this question, and this was all that could be expected if the case had been docketed and the jurisdiction of the court in the matter passed upon. The issue was presented by relator in the application for the writs and the Court of Appeals necessarily had to pass upon its jurisdiction over the case.
We are not called upon to pass upon the ruling of the district judge, as these matters were before the Court of Appeals in matters affecting its appellate jurisdiction under Art. 104 of the Constitution.
The Court of Appeals has already passed upon and decided that it has no jurisdiction of the appeal from the judgment allowing alimony.
As this judgment is correct we can not therefore compel it to assume jurisdiction when it has none.
To compel the court to consider the appeal because it was sent to that court, and to pass upon the question of jurisdiction in its order on the docket, would be doing a vain thing, as it has already, in the judgment in the rules invoked by plaintiff, determined this question.
The relief prayed for is therefore denied, and the rule granted herein discharged.