## No. 11,893.

STATE OF LOUISIANA EX REL. JOHN T. SHAW VS. F. A. MONROE, JUDGE OF THE CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS.

If errors be committed in setting cases for trial, or irregularities arise in fixing the cases to be heard before the District Court, the question not being one over which the court has no jurisdiction, the writ of prohibition is not the proper remedy. The case being appealable, the relators have an adequate remedy by appeal.

APPLICATION for a Writ of Prohibition.

---

*Dinkelspiel & Hart* for Relator.

---

Submitted on briefs November 4, 1895.
Opinion handed down November 18, 1895.
Rehearing refused January 6, 1896.

---

The opinion of the court was delivered by

BREAUX, J. The relator in his petition for a writ of prohibition alleges that the case against him, though listed on the call docket, was not fixed for trial in the manner required by Art. 23 of the Act of 1882—in other words, that it was fixed for trial without calling.

In his answer the respondent avers that the order for trial as issued gave to the relator all he asks or could have asked.

That the case is not one for the issuance of the writ of prohibition; his jurisdiction *ratione personæ et ratione materiæ* is unquestioned, and the injury, if any, was remediable on appeal.

The relator has not favored us with a brief.

The writ of prohibition should not issue unless it is made evident that the relator is entitled to the remedy. It will not be issued in case of doubtful right. It does not lie where the question of jurisdiction is involved in uncertainty, nor to correct mere errors or irregularities.

The court had not usurped jurisdiction or exceeded its authority in so far as the pleadings show. The fact whether the court acted rightly or not in the manner adopted to fix the case for trial is not open to inquiry in this application for a writ of prohibition.

In order to authorize the writ the petition should clearly show that the matter is one over which it has no jurisdiction.

It should also appear in order that the writ may issue that there is no remedy by adequate proceeding.

The allegation regarding relator's right of appeal made by the respondent is not traversed by the relator.

Having the right of appeal, prohibition does not lie.

"The case being appealable, the relators are not entitled to the interposition of the prohibitive authority of the Supreme Court." State *ex rel.* Follet vs. Judge, 32 An. 1182.

The writ is therefore refused at relator's cost, and the rule *nisi* is recalled and set aside.