Wilson, J.
Elizabeth B. Eickhoff, appellee, claiming to be the lawfully wedded wife of Charles A. Eickhoff, appellant, commenced suit against him for divorce. Summons was served, and within a few days thereafter she presented a petition, supported by affidavits, praying alimony pendente lite, suit money and an allowance of attorney’s fees. The defendant made no answer to the petition, and filed no opposing affidavits. The matter coming on for hearing upon this petition, both parties appeared and after the presentation of plaintiff’s case, defendant offered in evidence what purported to be a verified answer to the complaint in the divorce suit, which had not yet been filed, however. The court over the objection of plaintiff admitted it as an affidavit, but not as an answer to the petition for alimony. In this answer, after denial of the matters alleged in the complaint, the defendant set up by way of cross-complaint that the pretended marriage between him and plaintiff was illegal and void, because within one year previous thereto the plaintiff had been divorced in the courts of Colorado from another husband, and that the prohibition of marriage within one year from such date, imposed upon her by the decree in that case, by virtue of the statute, had not expired. The pretended marriage in this case was alleged to have taken place in Cheyenne, in the state of Wyoming, where defendant claims plaintiff had induced him to go for the purpose of evading the laws of Colorado. The defendant then offered in evidence the complaint, summons, decree, etc., in the suit referred to, wherein the plaintiff had been previously divorced, and wherein the disability of marriage within one year had been imposed upon her. To this, objection was made, and the objection was sustained by the court. Judgment was then rendered by the court in favor of the plaintiff for a certain amount of alimony to be paid monthly, a certain amount of suit money, and'also a certain sum for attorney’s fees. From this, defendant appeals to this court. Several errors are assigned, but the one chiefly relied upon and argued *129 by the defendant was that the court erred in making any allowance, because it appeared the marriage was null and void for the reasons above stated.
There is one question more important and far-reaching than all of the errors assigned, which must first be determined. That is, Has this court jurisdiction to review the judgment? The question was not raised by either party, and ¡therefore it may be assumed that both consent to the jurisdiction. It is a familiar principle, however, that when a court has not by law jurisdiction over the subject-matter of a suit, consent does not, and cannot, confer it. This doctrine is so elementary, and has been so repeatedly announced by the appellate courts in this state, that we need cite no authorities in support of it. It is also an equally well-recognized doctrine that an appellate court may of its own motion raise the question of jurisdiction, and it is its duty to do so if there be any doubt about it. It is also in such case the-duty of the court, if it becomes convinced that it has no jurisdiction, to dismiss the cause.
Very recently this court had occasion to consider the question as to whether it had jurisdiction to review a final decree in a suit for divorce. Mercer v. Mercer, 13 Colo. App. 237.
It was there held, in an able opinion by Bissell, P. J., that this court had no such jurisdiction, it being deprived of it by the law of 1893 in reference to divorce and alimony, providing a system of practice and procedure in relation thereto, and repealing all acts in conflict therewith. Laws of 1893, sec. 11, p. 211.
It is needless here to repeat the arguments which were there advanced in support of the position which the court took. It is sufficient to say that we are convinced of their soundness, and still adhere to them. In that case there was a decree also for alimony, but it was a part of, and included in, the final decree for divorce. In the opinion in that case, it was said:
“Whether in a suit for divorce there could be an independent judgment for alimony which might be reviewed by *130 appeal or vvrit of error prior to the final determination of the suit, if therein a severance of the bonds of matrimony be sought and the alimony is but an incident to the ultimate relief, we do not determine.”
It was not determined because the question did not arise in the case. In the case at bar, however, it is squarely presented. The doctrine is well settled, that in taking a case to an appellate court for review, either on appeal or writ of error, it should go in its entirety to that tribunal which has jurisdiction of the main subject-matter of the controversy, that is to say, the incidents go where the principal goes; that public policy and a proper regard for the due and prompt administration of justice require that a case should not be dissected into parts, one part going to one appellate court and another to another. All the incidents should go where the issue which gives character to the case indicates that the case belongs. This doctrine is not only supported by the entire current of authority so far as our observation has gone, but is founded on reason and common sense. If a contrary principle were once admitted, it would, as can be readily seen, tend to bring about unseemly conflicts between appellate courts. An incident to the main suit might be taken to one court, and its decision thereon might be entirely contrary to the views of the court which would have the ultimate determination of the primary and principal issues in the suit. This doctrine is so firmly fixed in the law, and its reason so apparent, that we fe'él'no elaborate discussion of it is necessary, and no extensive citation of authorities. The question is ably considered by Mr. Elliott in his standard work on appellate procedure, and numerous authorities in support of it cited. Elliott, App. Procedure, § 36, et seq.
This being conceded, as it, must be, the question arises, Is a decree for alimony pendente lite in a divorce suit an incident to the main suit, or is it an independent suit? All authorities agree that it is an incident. 2 Bishop, Marriage and Divorce, § 852; Stewart, Marriage and Divorce, § 366; State ex rel. Suberville v. Judges, 45 La. Ann. 1321; Bowman *131 v. Worthington, 24 Ark. 522; Moon v. Baum et al., 58 Ind. 194; Lawson v. Shotwell, 27 Miss. 631.
The soundness of this doctrine would appear to be especially manifest in Colorado by an inspection of our statute. The only right to petition for temporary alimony in a suit for divorce is that given by the statute in reference to divorce to which we have referred. Laws, 1893, sec. 9, p. 240.
It appears from this section that in a divorce proceeding, the right to apply for alimony pendente lite is dependent upon the previous filing of a complaint for a divorce, and then the application may be made to, and acted upon, by the court in term time, or by the judge in vacation.
Surely, if it were an independent suit or anything but an incident to the main suit and one most closely allied to it, the power would not be given to the judge to act thereon in vacation and render a final money judgment. It is true that there may be an appeal taken from such an order or judgment before awaiting the final determination of the suit, and that was the case in this instance, but such right of appeal is by no means based upon the pretension that such a judgment is a judgment in an independent suit. Daniels v. Daniels, 9 Colo. 140; People ex rel. v. District Court, 21 Colo. 251; Blake v. Blake, 80 Ill. 523; Hecht v. Hecht, 28 Ark. 92.
The reasons are that such a judgment possesses every element of a final judgment because the court has the power to enforce it, by execution or by commitment of the person for contempt on failure to pay.
A long time thereafter might elapse before final judgment in the divorce proceedings, and, if a defendant had no right of appeal, he would be utterly remediless. There is no intimation in any of the cases of this character which have arisen either in the supreme court or in this court, that proceedings for alimony pendente lite are other than an incident of the main suit.
We, of course, do not intend that any of the remarks which we have made shall be taken as applicable to judgments or decrees for alimony pendente lite in suits for separate main *132 tenance. This is not a suit of that character, and we are addressing ourselves exclusively to the case presented.
If, therefore, our conclusions in Mercer v. Mercer, supra, are correct, and we believe them to be so, it follows as a natural and logical sequence that this court has no jurisdiction to review the judgment in this proceeding. The only alternative remaining is to dismiss the appeal, and it will be so ordered.

Appeal dismissed.