[No. 4092.]

## MERCER v. MERCER.

1. DIVORCE AND ALIMONY—JURISDICTION—APPELLATE PRACTICE.

The court of appeals has no appellate jurisdiction in suits for divorce, and a judgment for alimony in such suit being but an incident to the main suit for divorce, the court of appeals has no jurisdiction of a separate appeal from such judgment for alimony.

2. SAME.

The supreme court cannot acquire jurisdiction by an appeal from the court of appeals of a case of which the court of appeals had no jurisdiction.

*Appeal from the Court of Appeals.*

Mr. THOMAS B. STUART and Mr. CHARLES A. MURRAY, for appellant.

Mr. D. V. BURNS, for appellee.

PER CURIAM. This case comes here on appeal from a judgment of the court of appeals dismissing an appeal from a judgment of the county court of Arapahoe county, rendered in an action for divorce. Appellee moves to dismiss upon the ground that this court has no jurisdiction to entertain the appeal. The only question to be considered and determined is whether the court of appeals has appellate jurisdiction of divorce cases; because, if it has not, then notwithstanding our right to review such judgments, either on appeal from, or writ of error to, the final judgments of the county or district court, the present appeal from that court will not lie.

In the opinion of the court of appeals, reported in 13 Colo. App. 237, will be found a full and concise statement of the facts of the case, from which it appears that the decree of the county court from which the appeal was taken, adjudged the appellant entitled to a divorce, and adjudged alimony to appellee, and

which was there held to be but one decree.  This opinion also contains a very thorough and elaborate discussion of the rules applicable to the construction of our present divorce act (Sess. Laws, 1893, p. 236), and presents an argument which demonstrates that under that act the right to review a decree and judgment in a divorce proceeding is conferred exclusively upon the supreme court.  We fully concur in the conclusion there reached, and can add nothing to the lucid and logical reasoning from which it is deduced.  But it is said by counsel for appellant that even if the construction given to the act of 1893 by the court of appeals is absolutely correct in regard to the decree of divorce proper, still it does not control this case, since the appellant appealed from a money judgment only, although called a judgment for alimony.  If this were true, we do not think that that fact would take the case out of the general rule.  The order or judgment for the alimony grows out of the main case, and is inseparable from it; and the cases are full to the point that where an appellate court has jurisdiction of the main action, it also has jurisdiction of all incidents attaching to that action.

" The decisions that have been announced give full recognition to the doctrine that incidents go where the principal goes."  Elliott on Appellate Procedure, §§ 35, 36, and cases there cited ; *State ex rel. Suberville v. Judges of the Court of Appeals*, 45 La. Ann. 1319.  See also the recent case decided by the court of appeals, *Eickhoff v. Eickhoff*, 14 Colo. App. 127.

It follows, therefore, that the court of appeals not having jurisdiction of the original appeal, we have no jurisdiction to review the case on its merits in this proceeding.  The motion to dismiss the appeal is therefore allowed.

*Appeal dismissed.*