[No. 4156.]

EICKHOFF v. EICKHOFF.

1. DIVORCE AND ALIMONY—APPELLATE PRACTICE—JURISDICTION.

Under the divorce act of 1893, the supreme court alone has jurisdiction to review, on error, a judgment in a divorce case, and a judgment for alimony *pendente lite* being only an incident to the main suit for divorce, the supreme court has jurisdiction to review such judgment for alimony notwithstanding the amount of the judgment is less than $2,500.

2. SAME—TIME FOR SUING OUT WRIT.

The provision in the divorce act of 1893 limiting the time to six months within which a writ of error may be sued out to a decree of divorce does not apply to a judgment for alimony *pendente lite* in a case in which no decree for divorce has been entered. A writ of error may be sued out to such judgment for alimony where no decree for divorce has been rendered at any time within three years.

*Error to the District Court of Arapahoe County.*

*On Motion to Dismiss Writ of Error.*

ACTION by defendant in error as plaintiff in the court below against plaintiff in error as defendant, for divorce. As an incident to the main relief sought, she prayed for alimony *pendente lite,* suit money, and attorneys' fees. From a judgment for these items, defendant brings the case here for review on error. No decree for divorce has been rendered in the case. The judgment against plaintiff in error is for less than $2,500, exclusive of costs. His writ of error was sued out more than six months after the rendition of the judgment of which he complains, but within three years from that date. The act regulating proceedings for divorce and alimony, and providing for a system of practice and procedure in such cases, provides that a party against whom a decree of divorce has been granted may have the same reviewed by this court on error, if the writ is sued out within six months from the date of such decree. Sec. 11, Acts, 1893, p. 241; sec. 1567*b*, 3 Mills' Ann. Stats. The act also provides that the same practice and proceedings shall be had in divorce cases as are usually had in other civil actions, in accordance with the requirements of the civil code, except as expressly modified or provided in the act. Sec. 2, Laws, 1893, p. 237; sec. 1563, 3 Mills' Ann. Stats. Writs of error may be sued out of this court within three years from the rendition of the judgment complained of (sec. 401, Mills' Code), which is final (sec. 406, Mills' Code), except as modified by sec. 406*a*, Mills' Code, which, so far as the questions involved in this case are concerned, only lie to review judgments exceeding $2,500, exclusive of costs. Defendant in error moves to dismiss upon two grounds: (1) The judgment is not sufficient in amount to give this court jurisdiction; (2) the writ of error was sued out more than six months after the rendition of the judgment by the district court.

Mr. E. A. BALLARD, Mr. H. B. JOHNSON and Mr. RALPH W. SMITH, for plaintiff in error.

Mr. T. M. ROBINSON, *amicus curiæ.*

Mr. THOS. W. LIPSCOMB, for defendant in error.

MR. JUSTICE GABBERT delivered the opinion of the court.

The first proposition advanced by counsel for defendant in error in support of the motion to dismiss, has been decided adversely to his contention by this court at the last term in *Mercer v. Mercer, ante,* p. 216; 60 Pac. Rep. 349, wherein it was held that under the act of 1893, providing a system of practice and procedure in relation to divorce and alimony, writs of error from judgments in such cases could only be sued out from this court, and that the amount for which judgment for alimony may have been rendered, was immaterial. The reason for this ruling is, as stated in *Mercer v. Mercer, supra:* "The order or judgment for alimony grows out of the main case, and is inseparable from it; and the cases are full to the point, that where an appellate court has jurisdiction of the main action, it also has jurisdiction of all incidents attaching to that action." All incidents must go where the issue which gives character to the case indicates that it belongs, for a cause cannot be dissected into parts, one part going to one appellate court, and another to another. *Eickhoff v. Eickhoff,* 14 Colo. App. 127; 59 Pac. Rep. 411; *Mercer v. Mercer,* 13 Colo. App. 237; 57 Pac. Rep. 750.

Any other rule would tend to bring about unseemly conflicts between appellate courts. An incident to the main action for divorce might be taken to one court for review, and its decision on the questions thus presented might be entirely contrary to the decision of the court which ultimately determined the primary and principal issues in the action. *Eickhoff v. Eickhoff, supra.*

The law is clear, that a writ of error for the purpose of reviewing a decree of divorce cannot be sued out after the lapse of six months from the date of such decree. It may also be true that a judgment for alimony cannot be reviewed upon writ of error sued out later than six months after the rendition of the decree of divorce, in connection therewith,

for the reason that the judgment for alimony could not be reviewed without also reviewing the decree for divorce, but we are not concerned with that question here, because no decree of divorce has been entered. The question, then, presented is, does the six months' limitation apply to incidental judgments entered in divorce proceedings where no decree of divorce has been rendered? The section in which the six months' limitation is found does not so provide, for that relates to decrees of divorce only. Except as expressly modified, or provided in the divorce act, "like process, practice and proceedings shall be had in such cases as are usually had in other civil cases, and in accordance with the requirements of the code of civil procedure." This provision certainly contemplates that any judgment, other than a decree for divorce, rendered in an action of that character which is final, and therefore, by virtue of our code, reviewable on error, may be so reviewed, except as otherwise provided or declared by the act itself. The only modification and provision on this subject is the limitation above noted, but that only applies to a divorce decree, or perhaps, as suggested, to incidental judgments in the action, when such a decree is rendered in the same case. So that this limitation, in the absence of a decree for divorce, is in no manner applicable to a judgment for alimony. Such a judgment, when unaffected by a decree of divorce, would be governed by the provisions of the code relative to writs of error, by virtue of section 2 of the divorce act. The writ of error having been sued out within three years from the date of the judgment complained of, and no decree of divorce having been entered in the case, the motion to dismiss must be denied, and it is so ordered.

*Motion denied.*