## No. 13,451.

STATE EX REL. THOMAS F. McMAHON VS. JOHN ST. PAUL, JUDGE OF DIVISION "C," CIVIL DISTRICT COURT.

### SYLLABUS.

1. If errors be committed in setting cases for trial, or if irregularities arise in the assignment of causes for hearing in the trial court, the same is no ground for applying to this court for its writ of *certiorari,* or of prohibition. The remedy is by appeal to the appropriate appellate tribunal, upon proper objection and reservation made.
2. Directing the ejectment of a plaintiff, claiming a lease, from the premises, and ordering the defendant owner to be put into possession thereof, is only a necessary sequence of the judgment rejecting the plaintiff's demand to be recognized as holding under a lease.
3. The suit itself involved the right of possession of the property; this was tendered as an issue by plaintiff's petition; and if the trial court had jurisdiction to decree its possession to the plaintiff, it had jurisdiction to decree its possession to the defendant.

A PPLICATION for Writs of *Certiorari* and Prohibition.

---

*Solomon Wolff* for Relator.

---

Respondent Judge *pro se.*

---

*Frank McGloin* for Mrs. Salome Blaum, Respondent.

The opinion of the court was delivered by

BLANDHARD, J.   The relator was a tenant occupying certain store-house premises in the city of New Orleans.

There had been, years before, a written contract of lease of the property by the year.  This written lease had been renewed for several years, then the written lease ceased, and verbal renewals took place.

This continued down to the year 1899, when there was a verbal renewal of the lease for another year from October 1st, 1899, to September 30th, 1900.

This is the contention of relator.

*Per contra* the owner of the property contends that the successive verbal renewals of the lease were only by the month, and that the renewal which is alleged to have taken place in 1899 was but a continuation of the lease by the month.

Considering the relator but a monthly tenant, and desiring to occupy the premises herself, Mrs. Blaum, the owner, on January 13, 1900, caused a formal notice to vacate to be served upon him.

This notice emanated from the constable's office, First City Court, and service thereof was made by the deputy constable.

It warned the relator to vacate and surrender the premises by January 31st, 1900.

This was but the preliminary step to formal ejectment proceedings in the event relator failed to vacate.

Following the service of this notice upon him, relator brought suit in the Civil District Court against Mrs. Blaum, alleging in his petition a verbal lease of the property for one year from October 1st, 1899, to and inclusive of September 30th, 1900, at a monthly rental of $60, which had always been promptly paid; that two-thirds of the year was yet to run; that the value of the unexpired lease was $480; and that Mrs. Blaum, in violation of the contract of lease, was threatening to eject him, and would do so unless restrained, etc.

He prayed for judgment decreeing a contract of lease as claimed by him, and for a writ of injunction against the owner inhibiting her from taking further proceedings to eject him.

This demand was immediately answered by Mrs. Blaum, to the effect that the plaintiff (relator herein) was only a monthly tenant of her premises; that he was not entitled to hold possession thereof beyond January 31, 1900; that she had given him formal written notice to vacate; that he had promised to vacate pursuant to said notice;

that she is entitled to possession of her property; and that the suit is but an artifice designed to unduly continue the plaintiff in possession thereof.

She asked the rejection of his demand and in reconvention prayed for judgment ordering the plaintiff to vacate the premises.

Considering the summary character of her demand for possession, she asked that the cause be set down for trial on a day to be fixed, after three days' notice.

Whereupon, the trial judge entered an order for the filing of the demand in reconvention and for the case to be set down for trial on a day named, plaintiff to be duly notified.

Plaintiff appeared and objected to the summary trial as being contrary to law and the rules of the court. He contended that his suit was for the recognition and enforcement of a contract of lease declared on; that the case should be placed on the trial docket and be heard in its turn; and that the defendant, by her pretended reconventional demand, was seeking to stamp the original proceeding with a character foreign to it.

In the event this objection should be overruled, he excepted to the jurisdiction of the court *ratione materiae* on the issue raised by the reconventional demand.

The objection to the trial of the cause as fixed was overruled and trial had. The exception to the jurisdiction of the court was denied, and as the result of the trial there was judgment in favor of defendant, Mrs. Blaum, rejecting plaintiff's demand to be recognized as holding a lease good until September 30, 1900, decreeing Mrs. Blaum entitled to possession, and ordering the plaintiff to be ejected therefrom.

Whereupon, the plaintiff, relator here, applied to this court for its writs of prohibition and *certiorari,* alleging the nullity of the judgment of the District Court.

The contention is the judgment is null because rendered by a court not seized of jurisdiction *ratione materiae,* and that the reconventional demand of Mrs. Blaum, under which she was awarded a decree of ejectment, even if within the jurisdiction of the court, is yet governed as to time and mode of trial by the original demand.

The preliminary rule to show cause issued, and the respondent judge replies that in so far as relator complains of his action in fixing the original cause for trial, it was his province, as judge of the trial

court, to determine such matters, and that if he erred therein, the remedy is by appeal (there being an appeal in the cause to the Court of Appeals for the Parish of Orleans) and not by resort to this court through its writ of *certiorari.*

This position is correct.

If errors be committed in setting cases for trial, or if irregularities arise in the assignment of causes for hearing in the District Court, the same is no ground for applying to this court for its writ of *certiorari,* or of prohibition. The remedy is by appeal to the appropriate appellate tribunal, upon proper objection and reservation made. State *ex rel.* Shaw vs. Judge, 48 La. Ann. 27.

In his further reply, respondent judge affirms the jurisdiction of his court over the whole subject matter of the case as presented to him.

And so he had jurisdiction.

The case of the relator is without merit.

The demand in reconvention, even if entitled to be viewed as such, is incidental and collateral to the main suit.

Succession of Hoover vs. York & Hoover, Executors, 30 La. Ann. 752; 45 La. Ann. 1321, 1364.

And what the answer sets up is hardly to be viewed as an independent demand, even though it be called a reconventional demand. It was accessory to the suit and could well be passed upon in the judgment disposing of the plaintiff's demand. Directing the defendant to be put into possession of the premises and for the ejectment of the plaintiff was only a necessary sequence of the judgment rejecting plaintiff's demand to be recognized as holding under a yearly lease which entitled him to remain in possession of the property.

State *ex rel.* Minor vs. Judges, 49 La. Ann. 304.

The judgment was an entirety and incorporated as part of it the decree for placing the defendant in possession.

The suit itself involved *the right of possession* of the property. The very allegations of the plaintiff's petition tendered this as the issue, and if the court had jurisdiction to decree its possession to the plaintiff, it likewise had jurisdiction to decree its possession to the defendant.

For the plaintiff to say that the court could maintain him in his possession (the very object of his suit), but could not eject him as the result of the same suit from possession, is to occupy a singular and

anomalous position—one which this court can scarcely be expected to sustain.

Besides, the plaintiff averred, in his petition, the value of his possession of the property for the unexpired term of the lease he claimed to be $480. The judgment of the court ejects him from the premises not alone for one month, the value of the rental of which would be less than $100, the minimum limit of the jurisdiction of the District Court, but for the *full time* he claimed the unexpired lease for—worth, according to his own showing, $480. It decreed him not entitled to its possession during that time and, in effect, decrees the right of possession to be in the defendant during that time.

It is, thus, seen that the court had jurisdiction of the whole controversy. The writ of possession when it issues on the judgment is not to put the defendant in possession for one month, but for the whole time in controversy between her and the plaintiff.

The writ of ejectment, when issued, is not to oust the plaintiff for one month merely, but for all the time he laid claim to under his alleged lease.

For these reasons, it is ordered that the rule *nisi* issued herein be discharged at the costs of the relator.