Wilson, J.
In April, 1897, in a suit pending in the court from which this appeal is taken, in which the appellee was plaintiff, and the appellant was defendant, the court rendered a decree of *79 divorce, and also for alimony, to the plaintiff in a certain sum to be paid by the defendant until the further order of the court. In August, 1898, the defendant filed in the court what he termed a petition, setting forth that subsequent to the rendition of the decree for divorce and alimony, he had settled in full the decree for alimony, in pursuance of a contract and agreement entered into between him and the plaintiff, the terms of which he set forth; wherefore, he prayed an order of the court declaring said decree for alimony completely and fully satisfied. Shortly thereafter, the court upon motion of the plaintiff, directed the issuance of a citation directing the defendant to appear on a day specified, and show cause, if any he might have, why he should not be held in contempt of court for failure to comply with the order and judgment of the court, decreeing the payment of alimony to the plaintiff. The defendant made answer to the citation, setting forth substantially the same facts as in his petition. A hearing was had by the court at the same time both upon the citation of the defendant and upon his petition. Evidence was heard on behalf of both parties, and at its conclusion, the court sustained the citation and denied .the petition of defendant, and it was ordered that the defendant pay to plaintiff the sum originally decreed for alimony, from .the date of the last payment made by the defendant to the day of the hearing. From this, defendant appeals to this court. The plaintiff moves to dismiss the appeal on the ground that this court has no jurisdiction.
Since the appeal in this cause was taken, the sole question presented for our determination, — namely, the jurisdiction of this court, — has been twice expressly decided in this court, and also by the supreme court. Under the authority of these decisions, it must be held that the motion to dismiss for want of jurisdiction, is well taken. Mercer v. Mercer, 13 Colo. App. 237; Eickhoff v. Eickhoff, 14 Colo. App. 127 ; 59 Pac. Rep. 411; Mercer v. Mercer, 27 Colo. 216; 60 Pac. Rep. 349; Eickhoff v. Eickhoff, 27 Colo. 380; 61 Pac. 225.
The main action in this case was for a divorce, and under *80 the decisions cited, this court has no appellate jurisdiction in such cases. The order or judgment for alimony grows out of the main case, and is inseparable from it. It is a mere incident to it, and “it goes where the principal goes.” The order from which an appeal is here sought, was one made in the identical cause in which the decree was rendered for divorce. The petition of defendant was simply a motion in the cause. It had no other nor further force or effect. The entire proceedings in which the order was made were in the same cause. It is true that they affected only one part of the decree, — that, a money judgment awarding alimony, — but it was a part and parcel of the same judgment in which a divorce was decreed, wholly growing out of and being dependent upon the proceeding and decree for divorce. For the reasons fully given in the cases to which we have referred, this court is without appellate jurisdiction. Having no jurisdiction of the main action, it has none of any part of it, nor of any incident to it.
The motion will be sustained, and the appeal dismissed.

Appeal dismissed.