[No. 5456.]
[No. 3126 C. A.]

CARLTON v. CARLTON.

1.  **County Court—Divorce and Alimony—Jurisdiction.**

Where the complaint in divorce proceedings avers that plaintiff does not ask alimony in excess of $2,000, the county court has jurisdiction under the express provisions of 3 Mills' Stats., § 1563.—P. 32.

2. **Divorce and Alimony—Appeal and Error—Supreme Court—Jurisdiction.**

Under 3 Mills' Stats., § 1567b, granting appeals to and writs of error from the supreme court to the party against whom a decree for divorce has been granted, the supreme court alone has jurisdiction to review on appeal or error a judgment in a divorce proceeding, and hence the district court has no jurisdiction to review a judgment of the county court in such proceeding. —P. 33.

3. **Certiorari—Petition.**

Mills' Ann. Code, § 297, provides that the writ of certiorari shall be granted in all cases where an inferior tribunal exercising judicial functions has exceeded the jurisdiction, or greatly abused the discretion of such tribunal and there is no appeal, nor in the judgment of the court any plain, speedy, and adequate remedy; and 3 Mills' Stats., § 1567b, grants appeals to and writs of error from the supreme court to the party against whom a decree for divorce has been granted. Held, that where a petition in certiorari in the district court to review the proceeding of the county court in a divorce action, while alleging that the county court acted in an arbitrary, illegal, and unjudicial manner in some of its proceedings, did not allege that petitioner had not the right of appeal or writ of error under 1567b, supra, or that any facts existed which made such remedies impossible or unavailable to him, the district court should not have issued the writ.—P. 34.

*Error to the District Court of the City and County of Denver.*

*Hon. Booth M. Malone, Judge.*

*Certiorari* in the district court by Frank Carlton to review the proceedings of the county court in a divorce action brought against petitioner by Marie Carlton. From a judgment granting the writ Marie Carlton brings error.

*Reversed, and cause remanded, with directions to dismiss the proceedings.*

Mr. John A. Deweese and Mr. C. W. Coykendall, for plaintiff in error.

No appearance for defendant in error.

Mr. Justice Maxwell delivered the opinion of the court:

This was a proceeding in *certiorari*, in the district court, to review the proceedings of the county court, in an action of divorce therein pending.

The verified petition upon which the writ of *certiorari* issued to the county court, filed by the defendant in the divorce proceedings against the judge and clerk of the county court, the plaintiff in the divorce proceedings, her attorney, and one who had been appointed a receiver in such proceedings, in substance alleged:

That the county court was an inferior tribunal, which had greatly exceeded its jurisdiction and greatly abused its power, for which reason the plaintiff had no plain, speedy or adequate remedy at law, or in said county court; that on the 30th day of January, 1904, the county court entered a decree and judgment against the plaintiff herein for the sum of $2,200, which was in excess of the jurisdiction of the county court; that such court required the defendant in the divorce proceedings to give a *ne exeat* bond in the sum of $2,000; that such court issued an injunction, and numerous other writs and orders, against the defendant, which had ruined his business and otherwise greatly damaged him, for which he had no remedy except filing this complaint; that the plaintiff in the divorce proceedings had been guilty of many acts of infidelity and unfaithfulness to her marriage vows preceding the commencement of the action for divorce, and subsequent thereto, and during such time had been guilty of habitual drunkenness.

Many other allegations of like effect with those last stated were made, all of which were wholly insufficient to establish a right of action in a petition for a writ of *certiorari*, being matters which might

have been pleaded and proved as a defense to the divorce proceedings.

For a second cause of action, the petition alleged that the judge of the county court, without notice to plaintiff, had illegally appointed a receiver of plaintiff's business, and upon application had refused to discharge such receiver; that the appointment of such receiver had been procured by fraud and false and perjured evidence, and that a conspiracy existed between the plaintiff and her attorney, and other persons, to ruin plaintiff in his business.

The prayer was that a writ of *certiorari* be issued, and that plaintiff and her attorney be ordered and commanded to desist from proceeding in such action; that the decree entered in the divorce proceedings, the judgment for alimony, attorney's fees and suit money be set aside, and that the defendant be placed, as near as possible, in the same position, in regard to his property and interests, that he was in prior to the commencement of the action; that the writ of *ne exeat* be discharged, and for other general relief.

In response to the writ issued and served upon the defendants, the complete record of the divorce proceedings in the county court was certified to the district court. Defendants herein moved to quash the writ and dismiss the action, upon the ground that the court had no jurisdiction to issue the writ. This motion was denied, and upon the same day the court made certain findings of fact and rendered its decree, which is as follows:

"Wherefore, it is hereby ordered, adjudged and decreed, that the said judgment rendered on the 30th day of January, A. D. 1904, in the case of Marie Carlton, plaintiff, vs. Frank Carlton, defendant, being case numbered 34145 of said county court, be and the same is hereby set aside and rendered null and void

in so far as said judgment for $2,200 is concerned; and it is hereby ordered, adjudged and decreed that said judgment in that regard is null and void and of no effect.

"It is further ordered, adjudged and decreed that the costs of this action be taxed to the defendants.

"It is further ordered, that the said cause be remanded to the said county court, together with a copy of this order, judgment and decree, for such other proceedings, if any, in said county court as may be allowed and provided by law."

This writ of error is prosecuted to reverse the above judgment.

From the return to the writ made by the county court, it appears that the complaint in the divorce proceedings was filed December 28th, 1903, which contained a jurisdictional clause to the effect that the amount in controversy and the amount sued for did not exceed the sum of $2,000.

Defendant filed an answer to this complaint admitting the marriage and the residence of the parties, and denying all other allegations in the complaint.

Trial was had to a jury, as required by the statute, which found the defendant guilty of the acts charged in the complaint, and on the 30th day of January, 1904, the court rendered its decree granting the plaintiff $2,000 permanent alimony and $200 attorney's fees, which were made a lien upon defendant's property.

On the 21st day of March, 1905, the defendant filed his petition in the county court praying that the decree of divorce might be reopened and modified, alleging in support of such petition substantially the same matters which he sets up in his petition for a writ of *certiorari* in this case

April 9, 1904, plaintiff in the divorce proceeding

moved the county court to modify and reform the judgment and decree so that the same should award her permanent alimony in the sum of $1,775. She, at the same time, filed her remittitur to said judgment and decree in the sum of $225.

April 11, 1904, defendant, upon his own motion, dismissed his petition to reopen and modify the decree.

The petition for the writ of *certiorari* was filed in the district court April 13, 1904.

From this it appears that defendant, availing himself of the provisions of section 1567a, 3 Mills' Stats., made application to the county court within apt time to set aside and reopen the decree which had been entered against him, and that two days preceding the filing of this petition for a writ of *certiorari,* he, of his own motion, dismissed such application.

No explanation of this action upon the part of defendant is found in the record, nor does it appear from the record that the motion of plaintiff to modify the award of alimony allowed her, and to reduce the same in the sum of $225, has been disposed of. In this condition of the record, it might be said that there has been no final determination of the matter in the county court, and that the application for a writ of *certiorari* was premature for that reason; but we prefer to dispose of this matter upon another ground.

Section 1563, 3 Mills' Stats., confers jurisdiction upon the county court, in divorce proceedings, where the bill of complaint avers that the plaintiff does not ask or seek alimony in excess of the sum of $2,000. Under this section, and the averments of the complaint as to the amount in controversy, there can be no question about the jurisdiction of the county court to entertain this proceeding.

Section 1567b, 3 Mills' Stats., grants appeals to and writs of error from the supreme court, to the party against whom a decree for divorce has been granted. Under this section it has been held that the supreme court alone has jurisdiction to review, upon appeal or error, a judgment in a divorce proceeding.—*Mercer v. Mercer,* 13 Col. App. 237; *Clark v. Clark,* 15 Col. App. 211; *Id.* 27 Colo. 216; *Eickhoff v. Eickhoff,* 27 Colo. 380.

While it is true that the question under consideration in the above cited cases was the right of appeal to the court of appeals in divorce proceedings, the reasoning of the cases above cited is decisive against the jurisdiction of the district court to review on appeal a judgment of the county court, in a divorce proceeding.

Under the plain provisions of section 1567b, there can be no question about the right of appeal to or writ of error from the supreme court, on behalf of the party against whom a decree of divorce has been granted by the county court; the language of the statute expressly grants such right, and the provisions thereof are too plain to admit of controversy upon this point.

Section 297, Mills' Ann. Code, provides:

"* * * The writ (*certiorari*) shall be granted in all cases where an inferior tribunal, board or officer exercising judicial functions, has exceeded the jurisdiction or greatly abused the discretion of such tribunal, board or officer, and there is no appeal, nor in the judgment of the court any plain, speedy and adequate remedy."

The petition herein does not attempt to allege that petitioner has not the right of appeal or writ of error under section 1567b ,3 Mills' Stats., or that any facts exist which make such remedies impossible or unavailable to him. It is true that the

petition alleges that the county court acted in an arbitrary, illegal and unjudicial manner in some of its proceedings. If such was the case, errors of law committed by the court would have been corrected by this court upon appeal, or writ of error, which afforded the petitioner a plain, speedy and adequate remedy for the wrong complained of.

In *Union Pacific Ry. Co. v. Bowler,* 4 Col. App. 25, in discussing the right to a writ of *certiorari* from the district court to the county court, to review proceedings of the county court and correct a judgment of such court rendered upon an appeal from a justice court to the county court, after calling attention to the constitutional provision which gives the right to remove a case from the county court to the supreme court by writ of error, the court said (p. 28):

"This section is made effective by the general statutes and the practice established by the supreme court, and it is universally true that every final judgment which the county court of this state may render may be reviewed by the supreme court, if a party sees fit to invoke the remedy. It would seem, then, necessarily to follow that if the county court had rendered an illegal judgment, and that upon the case made the railroad company was entitled to escape a recovery against them, this matter could have been made the subject of correction in the appellate tribunal, and the company could thereby secure their rights and have the law correctly declared. If this be true, the remedy is a plain one. It is certainly adequate, and it is presumed to be speedy."

The doctrine there announced is applicable to the case at bar.

In the enactment of our statutes relating to divorce and alimony, it seems to have been clearly the intention of the legislature to limit the trial of such actions in the *nisi prius* courts to one trial only.

Taking into consideration the nature of such actions, the reason for such intention must be apparent. We do not believe that this intention of the legislature, as expressed by the act above referred to, should be lightly set aside by applications to the district court for writs of *certiorari,* to review the proceedings of the county court in divorce matters. It is doubtful whether the district court has jurisdiction by *certiorari* to review the action of the county court in any character of proceeding. This is an important question, and should not be determined without serious consideration, in a case where the question is squarely presented, with the assistance of counsel who maintain the affirmative of the proposition, which we have not in the case at bar.

The defendant in the divorce proceedings being afforded by the statute a plain, speedy and adequate remedy to review the judgment and proceedings of the county court, the district court should not have issued the writ in this case. For which reason the judgment will be reversed and the cause remanded, with directions to dismiss the proceedings.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HELM concur.